CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 20, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
  DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **EUGENE JUNIOR KIMBLE,** | |
| Plaintiff, | Case No. 7:25CV00240 |
| v. | **OPINION AND ORDER** |
| **C/O S. CLARKE, et al.,** | JUDGE JAMES P. JONESWYN |
| Defendants. | |

*Eugene Junior Kimble, Pro Se Plaintiff.*

The plaintiff, a state prisoner proceeding pro se, filed this action under 42 U.S.C. § 1983, raising claims related to an incident involving an altercation with another inmate. The plaintiff seeks monetary damages and injunctive relief. Upon my review, I conclude that partial dismissal is appropriate.

## I. BACKGROUND.

In April 2025, while incarcerated at the Dillwyn Correctional Center in Dillwyn, Virginia, Kimble filed a Complaint, naming several prison officials as defendants but failing to provide a detailed statement of the alleged incident, including places and dates, or what action each defendant named personally took. Compl., Dkt. No. 1. Therefore, the court allowed Kimble to amend his Complaint. Order, Dkt. No. 10. Kimble, now housed at Coffeewood Correctional Center in

Mitchells, Virginia, submitted an Amended Complaint naming the following defendants: S. Clarke, S.T. Byrd, Sgt. Ranndoff, R.C. Yeatts, and Sgt. Chambers. Am. Compl. 3–5, Dkt. No. 11.  Kimble Amended Complaint states as follows:

> On 03/29/2025 officers responded to Building 4B to seperate [sic] a fight.  After seperating [sic] both inmates and detaining them, Mr. Kimble was kept in the foyer and Mr. Reeves was taken outside by Mrs. Randoff un-cuffed along with another serget [sic] and allowed Mr. Reeves to re-inter [sic] the foyer and strike me in the face in front of sargent [sic] Chambers, then exit the building again.  There was at least five (5) officers around me with body cams and then building camras [sic] but not one officer moved to stop the incident.

*Id.* at 6.  Kimble seeks monetary damages and requests a reduced sentence as a form of injunctive relief.  *Id.* at 9.

## II. DISCUSSION.

Pursuant to 28 U.S.C. § 1915A(b), upon review, I may "identify cognizable claims or dismiss the complaint, or any portion of the complaint" should I determine that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted."  A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim includes factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[C]ourts are obligated to liberally construe pro se complaints, however inartfully pleaded."  *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 (4th Cir. 2017) (internal quotation marks and citations

omitted).  Liberal construction, however, does not allow me to formulate constitutional or state law claims for Kimble based on conclusory statements alone. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

To state a claim under § 1983, a plaintiff must plead facts supporting a reasonable inference that each defendant had "personal involvement" in the alleged constitutional violation. *Iqbal*, 556 U.S. at 670. Therefore, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676.

Kimble only points to actions or inactions by Sgt. Ranndoff and Sgt. Chambers when discussing his factual allegations. The court has previously warned Kimble that a detailed statement of how each defendant named was personally involved is required in order to state an actionable claim for the court's review. However, he has failed to sufficiently amend the Complaint to allege any personal involvement by S. Clarke, S.T. Byrd, and R.C. Yeatts because he has not specifically pled how their individual actions violated the Constitution. Accordingly, I will dismiss any claims against those individual defendants and only the claims against Sgt. Ranndoff and Sgt. Chambers will remain.

Additionally, to the extent that Kimble challenges the validity of his confinement and seeks to be released from incarceration, such relief is not available in a § 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Kimble "must

seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Therefore, only Kimble's request for monetary damages will be considered as a form of relief for the claims moving forward against the remaining defendants.

### III. CONCLUSION.

Based on the foregoing, it is **ORDERED** as follows:

1. Defendants S. Clarke, S.T. Byrd, and R.C. Yeatts are DISMISSED from this action;

2. Plaintiff's claim for injunctive relief regarding a reduced sentence is DISMISSED;

3. The court having previously assessed a filing fee in this case, and the plaintiff thereafter returning an executed Inmate Consent to Withholding form, Plaintiff is GRANTED leave to proceed in forma pauperis to the extent plaintiff does not pay for service of process and may pay the filing fee via installments;

4. The Clerk shall cause the defendants to be notified of this action, pursuant to Rule 4 of the Federal Rules of Civil Procedure and the Agreement on Acceptance of Service;

5. The Clerk is directed to forward a copy of plaintiff's signed consent to withholding form to the Trust Accounts Officer at plaintiff's current place of confinement;

6. The collection of the $350.00 fee shall commence. The Trust Accounts Officer at plaintiff's current place of confinement, and at all subsequent places of confinement, is hereby authorized to collect the fees as agreed to by plaintiff on the signed consent form, and to remit such fees in accordance with 28 U.S.C. § 1915(b). The Trust Accounts Officer at plaintiff's present institution is requested to place the signed consent to withholding form in plaintiff's file so that it might accompany the inmate in the event of his transfer. Should plaintiff be transferred to another institution, the balance due for the civil action will be inserted in plaintiff's file so that the appropriate officer at the next institution will remit the debt owed to the Clerk, U.S. District Court, 210 Franklin Road SW, Suite 540, Roanoke, Virginia 24011-2208. The Trust Accounts Officer is requested to reference the case number of this action on payments sent to the court;

7. Briefs, motions, and responses thereto shall be filed in compliance with the Federal Rules of Civil Procedure and the court's Local Rules;

8. Plaintiff shall notify the court immediately upon plaintiff's release or transfer and shall provide a new address. FAILURE TO NOTIFY THE

COURT OF SUCH A CHANGE OF ADDRESS IN WRITING MAY RESULT IN THE DISMISSAL OF THIS CASE; and

9. Pursuant to a Standing Order, all non-dispositive matters in this case are referred to a United States Magistrate Judge.

        ENTER: November 20, 2025

        /s/  JAMES P. JONES
        Senior United States District Judge